Eastern District of Kentucky
**FILED**

JAN 0 9 2007

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 05-243-KSF

KIRK HORSE INSURANCE, LLC, *et al.*                                           PLAINTIFFS

V.          **OPINION & ORDER**

FEDERAL INSURANCE COMPANY, *et al.*                                           DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the plaintiffs' motion for leave to file an amended complaint [DE #52].

I.      **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

In their original complaint filed June 9, 2005, plaintiffs Kirk Horse Insurance, LLC ("KHI") and Ronald K. Kirk ("Kirk") alleged breach of contract and breach of fiduciary duty in connection with a number of agreements entered into by KHI and Kirk, on the one hand, and defendants Federal Insurance Company, Chubb Insurance Company of Canada, and Chubb Insurance Company of Europe S.A. (collectively "Chubb") on the other. According to the original complaint, the agreements granted KHI the right to underwrite and market horse insurance products (referred to as the "Horse Program") on an exclusive basis in the United States, Canada, the United Kingdom, Ireland, and France.

The plaintiffs claim that Chubb cheated them out of profits of approximately $1.36 million made from the sale of insurance under the Horse Program in violation of the parties' profit sharing agreement. The plaintiffs also allege that Chubb did not have nor did it obtain the

appropriate licenses to write insurance in France; that Chubb, without justification, refused or failed to quote insurance policies submitted by KHI for approval; that Chubb refused to disclose to KHI its consideration of the purchase of General Star Indemnity Insurance Company's ("GenStar") horse insurance business, which business KHI would have acquired had it known; that Chubb refused to reimburse KHI for expenses incurred in developing a Show Horse Program expansion; and that it refused to extend the effective date of termination of the parties' agreements such that KHI could transition its business to a new carrier. The original complaint contained a cause of action for breach of contract in connection with each of the above allegations and one for breach of fiduciary duty and included a prayer for punitive damages.

Chubb counterclaimed, alleging that they had lost substantial sums of money on the Horse Program due to KHI's questionable underwriting practices which resulted in substantial commission revenue to KHI. Examples of these questionable practices include failure to consider loss histories; failure to obtain medical records on the horses insured; failure to perform value justifications on the horses insured; underwriting risks in excess of its underwriting authority; etc. In addition to asserting a number of affirmative defenses, Chubb counterclaimed for breach of contract in connection with a number of these and other practices (Count I); unjust enrichment (Count II); breach of fiduciary duty (III); for an accounting (Count IV); for indemnification (Count V); misrepresentation (Count VI); defamation (Count VII); and for attorneys' fees (Count VIII).

## II.  MOTION TO AMEND COMPLAINT

### A.  Parties' Arguments

The plaintiffs move for leave to amend their complaint and summarily assert that the amended complaint more specifically defines and pleads their causes of action and will allow for a more efficient and orderly resolution of the issues raised in this litigation. The plaintiffs attach a copy of the proposed amendment as an exhibit to their motion for the Court's review, which further expands on the allegations mentioned above and lists a total of nine (9) causes of action: breach of contract (I); unjust enrichment (II); negligence (III); breach of fiduciary duties (IV); tortious interference with business relations and prospective business advantage (V); a request for an accounting (VI); bad faith (VII); punitive damages (VIII); and attorneys' fees (IX).

The defendants oppose the amendment. They first point out that the seven new causes of action are based on facts that have long been known to the plaintiffs and are not based on any new facts the plaintiffs just became aware of during the discovery process. Further, the proposed amended complaint, with new causes of action raised only weeks before discovery is scheduled to close, would hinder – not facilitate – the resolution of this case. Additional discovery will be required, including the reopening of discovery already completed and including expert discovery, in order to permit the defendants to obtain discovery of these new causes of action, some of which contain elements not needed to be proven under the current complaint. This would prejudice Chubb, result in undue delay and unnecessary increases in the costs of discovery, and would prevent a timely resolution of this case.

In reply, the plaintiffs point out that the additional claims are all part of the same transactions alleged in the original complaint and – more to the point – that Chubb has had the

proposed amended complaint since prior to beginning its first discovery deposition in this case (which did not occur until *after* the motion was filed). The motion cannot be considered untimely, as it was filed within the Court's deadline, and because it does not allege any new facts, the "additional" claims are so related to the original claims that Chubb could and should have anticipated them.

### B. Standard

Leave to amend a pleading shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). The grant or denial of a motion to amend is within the sound discretion of the Court. Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir. 1987). A district court should consider the following factors in passing on a party's motion to amend: (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith, or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile. Foman v. Davis, 371 U.S. 178, 182 (1962); Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 591 (6th Cir. 1990).

However, "[d]elay by itself is not sufficient reason to deny a motion to amend. Notice and *substantial* prejudice to the opposing party are critical factors in determining whether an amendment should be granted." Head v. Jellico Housing Authority, 870 F.2d 1117, 1123 (6th Cir. 1989) (emphasis supplied) (quoting Hageman v. Signal L.P. Gas, Inc., 486 F.2d 479, 484 (6th Cir. 1973)).

### C. <u>Analysis</u>

Some additional procedural background in this case is helpful to the resolution of this motion. The original discovery deadline in this matter was set for April 28, 2006. In January, plaintiffs' original counsel withdrew due to a conflict and moved for a discovery extension of 180 days (defendants had agreed to an extension, but only for 90 days). An amended scheduling order changed the discovery deadline to September 11, 2006, and also moved the pretrial conference and trial dates back. Then in May, plaintiffs' second counsel withdrew due to a conflict and the parties filed a joint motion to extend the expert deadline only. Another joint motion to extend the expert deadline followed in July.

Thereafter in August, the parties filed a joint motion to amend the scheduling order yet again, due to the complexity of the case, and a second amended scheduling order was entered, moving the discovery deadline and deadline to amend pleadings back to December 20, 2006, and also moving the pretrial conference and jury trial dates. Then in October the parties jointly moved to extend the expert deadlines, which the Court granted. The present motion for leave to file an amended complaint was filed on November 22, 2006, within the latest deadline set by the Court (December 20, 2006). Following is a consideration of each of the factors mentioned above.

### 1. *Undue delay in filing the motion*

Despite Chubb's argument that these additional causes of action could have been brought at the beginning of the case, the Court does not believe there has been undue delay in the filing of this motion. Although late in coming, there is no question that the plaintiffs filed the motion within the time set by the Court's scheduling order. Also, it was filed *prior to* the close of

discovery, so if there is was additional discovery to be done, the defendants could have scheduled it or sought an extension.

The cases cited by Chubb do not support a denial of the motion. Each of the cases deal with motions to amend that were filed only after discovery was closed and the deadlines for filing an amended complaint and dispositive motions had long passed. That is not the case here.

### 2. *Lack of notice to adverse parties*

As with the above factor, there was not a lack of notice to the defendants, particularly given that the amended complaint adds no new facts, arises from the same transactions described in the original complaint, and was provided to Chubb prior to its commencement of any of its own affirmative discovery. The plaintiffs assert that Chubb also had notice of the "additional" claims by way of discovery disclosures and responses to written discovery requests.

### 3. *Whether the movant is acting in bad faith, or with a dilatory motive*

The defendants contend that the plaintiffs' only motive in bringing this motion is to further impede a timely resolution to this case. It argues that the timing of the motion – just three weeks before discovery closes – is evidence of this motive, as the factual allegations and basis of its claims have been known to the plaintiffs since they filed their original complaint.

There is no evidence of bad faith or dilatory motive on the part of the plaintiffs. Also, the timing of the motion alone cannot satisfy this factor, as the motion was filed within the Court's own deadline.

### 4. *Failure to cure deficiencies by previous amendments*

This factor is not applicable.

### 5. *The possibility of undue prejudice to adverse parties*

As Chubb points out, courts have held that prejudice is likely if an amendment involves new theories of recovery. See, e.g., Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). However, the Sixth Circuit has noted that to deny a motion to amend, a court must first determine that there exists "at least some *significant* showing of prejudice to the opponent." Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999) (emphasis supplied). Chubb has not shown significant prejudice in the present case.

First, in determining any potential prejudice to Chubb, the Court cannot ignore the fact that Chubb did not even take any discovery depositions until after the motion had been filed and with less than a month left for discovery. This suggests that at least some of the prejudice that might result from granting the motion is of their own making. Second, Chubb does not say exactly *what* discovery will need to be reopened or, more importantly, why. It provides no specifics, just a generalized protest that it will be prejudiced. Chubb also has not sought an extension of the discovery deadline to deal with the additional yet unspecified discovery that must occur if the motion is granted. Given this, it is the Court's opinion that if there is any prejudice to Chubb, it has not shown it to be substantial.

Again, the cases cited by Chubb do not compel a different conclusion. All of them involve parties who sought to amend only after the discovery and/or dispositive motion deadlines had already passed. That is not the case here.

### 6. *Whether the amendment is futile*

There is no suggestion that the amendment would be futile, and nothing to indicate this factor is a consideration in the present analysis.

### III. CONCLUSION

Based on the above, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1) the plaintiffs' motion for leave to file an amended complaint [DE #52] is GRANTED; and

(2) the Clerk SHALL FILE the proposed first amended complaint tendered with the plaintiff's motion in the record as of the date hereof.

This ___ day of January, 2007.

_____
KARL S. FORESTER, SENIOR JUDGE

-8-